PAULEY et al. v. FEDERAL COMMUNI-
CATIONS COMMISSION (THOMAS S.
LEE ENTERPRISES, Inc., Intervenor).

No. 10004.

United States Court of Appeals
District of Columbia Circuit.

Argued Jan. 16, 1950.

Decided March 27, 1950.

Mr. Vernon L. Wilkinson, Washington, D. C., with whom Messrs. Andrew G. Haley, and James A. McKenna, Jr., Washington, D. C., were on the brief, for appellant.

Mr. Richard A. Solomon, Counsel, Federal Communications Commission, Washington, D. C., with whom Messrs. Benedict P. Cottone, General Counsel, and Max Goldman, Assistant General Counsel, and Miss Mary Jane Morris, Counsel, of the Federal Communications Commission, Washington, D. C., were on the brief, for appellee.

Mr. William J. Dempsey, with whom Messrs. William C. Koplovitz and Harry J. Ockershausen, Washington, D. C., were on the brief, for intervenor Thomas S. Lee Enterprises, Inc., d/b as Don Lee Broadcasting System. Mr. William A. Kehoe, Jr., Washington, D. C., also entered an appearance for the intervenor.

Before CLARK, PRETTYMAN and BAZELON, Circuit Judges.

PER CURIAM.

Petitioner is an applicant for a construction permit for a commercial television station in the San Francisco area. Since the number of available channels is smaller than the number of applicants, the Federal Communications Commission ordered a consolidated hearing. Petitioner objects at this time to an order issued by the Commission, severing the application of Don Lee Broadcasting System from the consolidated proceedings and also withdrawing one of the channels there involved, pending determination of Don Lee's eligibility for it.

Review is sought under Section 402(b) of the Federal Communications Act.[1] That

1. Section 402(b), 47 U.S.C.A. § 402(b), reads:
"An appeal may be taken, in the manner hereinafter provided, from decisions of the Commission to the United States Court of Appeals for the District of Columbia in any of the following cases:

"(1) By any applicant for a construction permit for a radio station, or for a radio station license, or for renewal of an existing radio station license, or for modification of an existing radio station license, whose application is refused by the Commission.

section specifies that the Court of Appeals for the District of Columbia may entertain an appeal from a Commission order if such order has resulted in the grant or denial of an application. Neither grant nor denial was effected by the order complained of here. The withdrawal of one channel until Don Lee's eligibility for it had been determined was neither a grant to Don Lee, which may never receive such channel, nor a denial to petitioner—who, for aught we can tell, may ultimately be awarded this very channel. Viewing the injury to petitioner at its worst, we have no more than a lessened statistical probability that petitioner will ultimately succeed in getting a station. This is hardly the sort of denial contemplated in Ashbacker Radio Corp. v. Federal Communications Commission, 1945, 326 U.S. 327, 66 S.Ct. 148, 90 L.Ed. 108, where there was an unmistakable *grant* to one of two applicants for a single frequency. No application having been either granted or denied, this court is given no jurisdiction, under Section 402(b), to review the Commission's order.

Dismissed.

Mr. Cornelius H. Doherty, Washington, D. C., for appellant.

Mr. David G. Bress, Washington, D. C., with whom Messrs. Alvin L. Newmyer, George A. Greenfield and Hans A. Nathan, Washington, D. C., were on the brief, for appellee.

Before PROCTOR, WASHINGTON and BAZELSON, Circuit Judges.

"(2) By any other person aggrieved or whose interests are adversely affected by any decision of the Commission granting or refusing any such application.

"(3) By any radio operator whose license has been suspended by the Commission."