**JOHNSTON BROADCASTING CO. v. FED- ERAL COMMUNICATIONS COM- MISSION et al.**

No. 10532.

United States Court of Appeals District of Columbia Circuit.

Argued Nov. 13, 1950.

Decided Dec. 7, 1950.

Messrs. Franklin K. Lane and Orville H. Walburn, Washington, D. C., for appellant.

Mr. Richard A. Solomon, Attorney, Federal Communications Commission, Washington, D. C., with whom Mr. Max Goldman, Acting General Counsel, Federal Communications Commission, Washington, D. C., was on the brief, for appellee.

Messrs. Benedict P. Cottone, General Counsel, Federal Communications Commission, and Dee Pincock, Attorney, Federal Communications Commission, Washington, D. C., also entered appearances on behalf of appellee.

Mr. John Erle Stephen, Houston, Tex., with whom Mr. John P. Southmayd, Washington, D. C., was on the brief, for intervenors Thomas N. Beach and Pilot Broadcasting Corp.

Before CLARK, PRETTYMAN, and FAHY, Circuit Judges.

FAHY, Circuit Judge.

The appellant Johnston Broadcasting Company seeks review under § 402(b) of the Communications Act of 1934, as amended (47 U.S.C.A. § 402(b)) of an order of the Federal Communications Commission (1) denying its petition for final grant of a construction permit, and (2) setting for competitive hearing its application for the permit along with the application of Pilot Broadcasting Corporation should the latter file an amendment showing that it is now the applicant for the permit which previously had been applied for in the name of another. The order described the applications as mutually exclusive. The denial of the petition for final grant was not a refusal of the permit itself but only of the petition for its grant without the

1. No opinion for publication.

hearing ordered by the Commission. Thus the question of grant or refusal of the permit is still pending and undetermined. Our jurisdiction on appeal from the Commission is confined by § 402(b), supra, to appeals:

"(1) By any applicant for a construction permit for a radio station, or for a radio station license, or for renewal of an existing radio station license, or for modification of an existing radio station license, whose application is refused by the Commission.

"(2) By any other person aggrieved or whose interests are adversely affected by any decision of the Commission granting or refusing any such application.

"(3) By any radio operator whose license has been suspended by the Commission." [1]

The order comes within none of these categories. The appeal must accordingly be dismissed for lack of jurisdiction. Pauley, et al. v. Federal Communications Commission, 1950, 86 U.S.App.D.C. 294, 181 F.2d 292. We are not deterred from dismissing now by reason of our previous denial of the Commission's motion to dismiss and our stay of further proceedings. pending determination of the appeal. This could not have the effect of giving us jurisdiction.

Appellant urges with great earnestness that the Commission has erred in keeping alive the application of Pilot by permitting successive amendments of an application originally filed by Thomas N. Beach. Some aspects of this problem were considered by this Court in Johnston Broadcasting Co. v. F. C. C., 1949, 85 U.S.App.D.C. 40, 175 F.2d 351. There we reversed a decision of the Commission granting Beach's application, as then presented, for a construction permit to change the facilities involved (Station WTNB, Birmingham, Alabama) and denying the mutually exclusive application of Johnston Broadcasting Company for a new station in Birmingham to operate on the same facilities sought by Beach. The basis of our disagreement with the Commission was that the Beach application was not signed and verified as required by § 308(b) and § 319(a) of the Communications Act. The order now sought to be brought before us by appeal followed our remand for further proceedings. On the remand the amendments to which appellant objects as not permissible under statute and applicable principles of law were authorized by the Commission. Appellant urges that as a consequence of the erroneous action of the Commission, appellant is entitled to have its mutually exclusive application granted. We do not pass upon any of these questions at this time. If properly preserved and presented, they may be reviewed on appeal if the appellant's application is refused by the Commission. This has not occurred. In the present status of the matter this court does not have statutory jurisdiction on appeal under § 402(b), supra, and no other source of jurisdiction to consider the appeal is available to us.

Dismissed.

---

1. Other orders of the Commission are reviewable by a three-judge District Court under the terms of § 402(a).